ticipated in procuring, that pledge to be made. It was therefore binding on the corporation irrespective of the factors' act.

[2] The plaintiff adduced considerable evidence to show, and now argues, that the corporation, Edelhoff Bros. & Co., was organized by said Schickerling as a part of a scheme to defraud the wholesale jewelers, that said Gustave Edelhoff, its president, was a mere dummy, and the corporation itself a mere shell without capital; and the proposition is asserted that the corporate entity can be distinguished from its officers and stockholders, and that, the scheme in its inception having been fraudulent, the taking and pledge of the necklace amounted to a theft from the corporation, even though every officer and member of it knew of, assented to, and participated in the act. We are unable to follow the argument leading to that conclusion. The plaintiff can maintain this action only in the right of the corporation. It would be a novel doctrine in the law and lead to unexpected results if the corporate entity could be so far distinguished from its members and officers as to prevent its being bound by the acts of the only persons through whom it can act. Of course, there is no question here of ultra vires acts. If the corporation was a device to steal from the wholesale jewelers, it may be that they could recover their property. The theft in such case would be from them, not from the bankrupt corporation of which the plaintiff is trustee.

[3] The respondent also argued that the pledge was in violation of section 66 of the stock corporation law, the corporation being insolvent, and was therefore void. There would be point in that contention if the defendant had been an officer, director, or stockholder, and if the pledge had been made to secure a pre-existing debt. He is not accountable for the use which Edelhoff and Schickerling made of the money obtained on the pledge.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.

---

WOOD v. SIMPSON.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

Appeal from Trial Term, New York County.

Action by Rawson L. Wood, as trustee in bankruptcy of Edelhoff Bros. & Co., against Thomas Simpson, doing business under the name and style of R. Simpson & Co. From a judgment in favor of defendant and from an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

Argued before INGRAHAM, P. J.; and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Charles S. Mackenzie, for appellant.
Charles Blandy, for respondent.

PER CURIAM. For the reasons stated in the opinion in Wood v. Simpson, 133 N. Y. Supp. 1069, decided herewith, the judgment and order appealed from should be affirmed, with costs.